# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv304

| | |
|---|---|
| FSC SECURITIES CORPORATION, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JAMES M. CHANDLER, RICHARD D. )<br>HOPPER, SHIRLEY P. HOPPER, )<br>FLORENCE R. COOPER, DANNY R. )<br>KIGER, and CHARLOTTE H. LOGAN, )<br>)<br>Respondents. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Respondents' Motion for Admission *Pro Hac Vice* of Joel A. Goodman to appear as counsel in this matter [Doc. 8]; the Petitioner's Motion for Substitution of Counsel [Doc. 10]; and the Petitioner's Unopposed Motion to Stay the Proceedings [Doc. 11].

## I.  Motion for Counsel to Appear *Pro Hac Vice*

In their Motion for Counsel to Appear *Pro Hac Vice* [Doc. 8], the Respondents state that Mr. Goodman represented them in the underlying arbitration in North Carolina before the National Association of Securities

Dealers, Inc., which resulted in the arbitration award which the Petitioner has filed the present action to vacate.  The Respondents further state that requiring them to obtain local counsel for the present action would be unnecessarily costly and inefficient.

Local Rule 83.1(B) generally requires that litigants in civil actions "must be represented by at least one member of the bar of this court or by an attorney admitted to practice by this court . . . ."  While the Court may, in its discretion, grant the special admission of counsel without the association of a member of the local bar, such admission is "the exception and not the rule . . . ."  Local Rule 83.1(B).

The Court is extremely reluctant to grant the Respondents' motion and allow the special admission of Mr. Goodman without requiring the association of local counsel.  However, solely in light of fact that the Petitioner's counsel have already been granted special admission by another member of this Court, the Court now determines that the interests of justice would be served by this motion being allowed, and therefore, the motion will be allowed.

All counsel are admonished to be fully familiar with the rules and procedures of this Court.  Should it appear to the Court that any counsel

who has been granted special permission to appear in this action is not acting in compliance with the rules and procedures of this Court, **the Court may revoke the special admission of <u>any or all counsel</u> admitted in this action.**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Respondents' Motion [Doc. 8] is **GRANTED**, and Joel A. Goodman is hereby granted special admission to the bar of this Court, payment of the admission fee having been received by the Clerk of this Court.

## II.     Motion for Substitution of Counsel

The Petitioner moves for the substitution of the law firm of Kaplan Zeena LLP for the law firm of Wilson, Elser, Moskowitz, Edelman and Dicker, LLP as counsel for the Petitioner in this matter. [Doc. 10]. The Court notes that the same attorneys who made appearances on behalf of the law firm Wilson, Elser, Moskowitz, Edelman and Dicker, LLP, are the same attorneys who now appear on behalf of the law firm of Kaplan Zeena LLP.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion and Stipulation for Substitution of Counsel for Petitioner FSC Securities Corporation [Doc. 10] is **GRANTED**.

III.    **Motion for Stay of Proceedings**

The Petitioner moves for a stay of proceedings in this matter for ninety (90) days so that the parties can attempt to resolve this matter without further Court intervention. The Petitioner states in its motion that the Respondents are not opposed to the stay, and that all parties agree that a stay of the proceedings would be beneficial to their efforts to settle this matter.[1]

For the reasons stated in the Petitioner's motion, and for good cause shown, the Unopposed Motion to Stay Proceedings [Doc. 11] is **GRANTED IN PART**, and this matter is hereby **STAYED** until January 7, 2008. However, if the parties are unable to resolve this matter during the stay,

---

[1]The Court notes that the Motion for Stay, however, as well as the Petition (which is more in the form of a memorandum in support of a motion than a Petition pursuant to 9 U.S.C. § 10), and the extremely brief Answer of the Respondents reflect counsels' unfamiliarity with practice in this District, which further supports the Court's reluctance to continue to allow counsel to appear *pro hac vice*.

the parties shall be required to comply with the requirements set forth herein below:

1. The Respondents' Answer is hereby **STRICKEN**, except to the extent that the same is necessary as a place holder for a proper Response as set forth below.

2. If the Respondents desire to file a Response to the Petitioner's Petition to Vacate Arbitration Award, the same shall be filed, along with a Memorandum containing the arguments, authorities, and citations to law and the Record on which the Respondents rely, on or before **January 7, 2008**. Such Memorandum shall be limited to 15 pages in length and shall be in 14 point type or larger.

3. If the Respondents desire to file a Petition for Confirmation of the Arbitration Award, as indicated in their Answer, they shall do so, along with a copy of the arbitration award that they seek to have the Court confirm, along with such portions of the

Record of the arbitration proceedings necessary for the Court's understanding of the Petition and the issues raised therein. Respondents shall file a separate Memorandum in support of such Petition for Confirmation of Arbitration Award setting forth the arguments and authorities, with proper citations to the Record and to the law, upon which Respondents rely. Such Memorandum shall not exceed 25 pages in length and shall be in 14 point type or larger. Such Petition for Confirmation of Arbitration Award, if Respondents desire to file the same, along with the attachments thereto as set forth above, and Memorandum shall be filed with the Court on or before **January 7, 2008**.

4. If the Petitioner desires to file a Response to the Respondents' Petition for Confirmation of Arbitration Award, the same shall be filed, along with a Memorandum containing the arguments, authorities, and citations to law and the Record on which the Petitioner relies, on or before **January 21, 2008**.

Such Memorandum shall be limited to 15 pages in length and shall be in 14 point type or larger.

5. No Reply Memoranda will be received by the Court.

## IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED**:

1. The Respondents' Motion for Counsel to Appear *Pro Hac Vice* [Doc. 8] is **GRANTED**, and Joel A. Goodman is hereby granted special admission to the bar of this Court;

2. The Petitioner's Motion and Stipulation for Substitution of Counsel for Petitioner FSC Securities Corporation [Doc. 10] is **GRANTED**;

3. The Unopposed Motion to Stay Proceedings [Doc. 11] is **GRANTED IN PART**, as set forth in this Order;

4. This matter is hereby **STAYED** until **January 7, 2008**;

5. The Respondents' Answer [Doc. 9] is hereby **STRICKEN**, except to the extent that the same is necessary as a place holder for a proper Response;

6. The Respondents may file a Response to the Petitioner's Petition to Vacate Arbitration Award, consistent with this Order, on or before **January 7, 2008**;

7. The Respondents may file a Petition for Confirmation of Arbitration Award, consistent with this Order, on or before **January 7, 2008**; and

8. The Petitioner may file a Response to the Respondents' Petition for Confirmation of Arbitration Award, consistent with this Order, on or before **January 21, 2008**.

**IT IS SO ORDERED**.

Signed: October 10, 2007

Martin Reidinger
United States District Judge